UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TRANSGUARD INSURANCE COMPANY OF AMERICA, INC., *as Subrogee of C.W. Baker Logistics, Inc., Carey Wayne Baker, Ian Windom, and CRST Specialized Transportation, Inc.*, | ) ) ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) No. 2:23-cv-00016-JMS-MJD ) |
| LUX HOLDINGS, LLC and EMMANUEL RAMOS, | ) ) |
| *Defendants.* | ) |

## ORDER

On January 6, 2023, Defendants Lux Holdings, LLC ("Lux") and Emmanuel Ramos removed this case to this Court on the basis of diversity jurisdiction. [Filing No. 1.] They have now filed a Motion to Consolidate this case with another case pending in this District, [Filing No. 41], and their motion is ripe for the Court's consideration.

## I.
### BACKGROUND

### A.    This Lawsuit

On November 23, 2022, Plaintiff Transguard Insurance Company of America, Inc. ("Transguard"), as subrogee of C.W. Baker Logistics, Inc. ("C.W. Baker"), Carey Wayne Baker, Ian Windom, and CRST Specialized Transportation, Inc. ("CRST"), filed a lawsuit in Clay County Circuit Court against Lux and Mr. Ramos. [Filing No. 8-2.] Transguard alleges that it issued an auto insurance policy to C.W. Baker which provided coverage for a Kenworth Tractor owned by CRST that was operated by Mr. Baker on March 10, 2021, and in which Mr. Windom was a passenger. [Filing No. 8-2 at 2; Filing No. 8-2 at 5.] Transguard also alleges that it issued an occupational accident policy to C.W. Baker that provided coverage for damages sustained by Mr.

Baker and Mr. Windom in a March 10, 2021 accident in Clay County, Indiana. [Filing No. 8-2 at 2.]

Transguard alleges that on March 10, 2021, Mr. Ramos, who was employed by Lux, was operating a Freightliner tractor with a trailer attached when he was involved in an accident with Mr. Baker and Mr. Windom while traveling on Interstate 70 in Clay County. [Filing No. 8-2 at 4.] Specifically, Transguard alleges that Mr. Ramos was operating the tractor and trailer at a dangerously low speed of 21 miles per hour when the accident occurred, which caused the death of Mr. Baker, severe injury to Mr. Windom, and damage to the Kenworth Tractor. [Filing No. 8-2 at 4.]

Transguard asserts a negligence claim against Mr. Ramos, and alleges that it has paid various amounts under the policies for damage to the Kenworth Tractor; for medical expenses, lost income, and other damages related to Mr. Windom's injuries; and for damages related to Mr. Baker's death. [Filing No. 8-2 at 3-7.] Transguard also asserts a respondeat superior claim against Lux, as Mr. Ramos's employer. [Filing No. 8-2 at 7-8.] On January 6, 2023, Mr. Ramos and Lux removed the lawsuit to this Court on the basis of diversity jurisdiction. [Filing No. 1.]

**B.      The Baker Lawsuit**

On February 10, 2023, Mr. Windom and Diedra Baker, Mr. Baker's wife and the personal representative of his Estate, initiated a lawsuit in this District against Mr. Ramos, Lux, Transguard, and Ace American Insurance Company ("Ace"), another insurer that had issued an auto policy allegedly providing coverage for Mr. Baker and Mr. Windom. [Filing No. 1 in *Diedra Baker, et al. v. Emmanuel Ramos, et al.*, Case No. 2:23-cv-00063-JRS-MJD (S.D. Ind.) ("the Baker Lawsuit").] Ms. Baker asserts a wrongful death claim against Mr. Ramos and Lux, Mr. Windom asserts a negligence claim against Mr. Ramos and Lux, and Ms. Baker and Mr. Windom assert

claims against Transguard and Ace for uninsured motorist coverage under their respective auto policies.  [Filing No. 1 at 3-13 in the Baker Lawsuit.]

## II.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the Court may…join for hearing or trial any or all matters at issue in the actions[,]…consolidate the actions[,] or… issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) (citation omitted).  "The purpose behind a Rule 42(a) consolidation is to promote judicial efficiency, but not if prejudice caused to any of the parties outweighs it." *McKnight v. Illinois Cent. R. Co.*, 2009 WL 1657581, at *1 (S.D. Ill. June 12, 2009) (citing *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970), and *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945)); *see also Emerson v. Sentry Life Ins. Co.*, 2018 WL 4380988, at *2 (W.D. Wis. Sept. 14, 2018) ("In applying Rule 42(a), courts typically balance judicial economy concerns with any countervailing considerations of equity.").

## III.
### DISCUSSION

The Court notes at the outset that Transguard did not respond to the Motion to Consolidate.[1] In the absence of a response by Transguard, the Court is authorized to summarily rule on the Motion to Consolidate pursuant to Local Rule 7-1(c)(5) ("The court may summarily rule on a motion if an opposing party does not file a response within the deadline").  However, the Court

---

[1] Although the Motion to Consolidate was not filed in the Baker Lawsuit – only a Notice of Filing [of] Motion to Consolidate In Related Case was filed – Ms. Baker and Mr. Windom filed a response to the motion stating that they do not object to consolidation of the Baker Lawsuit with this case.  [Filing No. 36 in the Baker Lawsuit.]

prefers to decide motions on the merits, *see, e.g.*, *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009), and discusses the arguments set forth by Mr. Ramos and Lux below.

Mr. Ramos and Lux argue that consolidation of this case with the Baker Lawsuit is appropriate because both cases relate to the March 10, 2021 automobile accident and "[t]he disposition of both lawsuits rests on the same questions; whether [Mr.] Ramos or [Mr.] Baker were negligent, and whether [Mr.] Ramos was acting within the course and scope of his employment with Lux at the time of the collision." [Filing No. 41 at 2-3.] They assert that absent consolidation, there is a risk of inconsistent verdicts and they may face duplicative discovery, "which would result in significant and duplicative costs." [Filing No. 41 at 3.]

The Court finds that consolidating this case with the Baker Lawsuit is appropriate. The March 10, 2021 automobile accident forms the basis of both lawsuits and both cases seek determinations regarding insurance coverage related to the accident. Further, the plaintiffs in both cases seek a determination regarding whether Mr. Ramos and Lux, as his employer, were responsible for the accident. Consolidating the cases will promote judicial efficiency through coordination of discovery efforts and will also ensure against inconsistent outcomes. *See Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge."). Transguard could have responded to the Motion to Consolidate in this case and Ace could have responded to the Notice of Filing in the Baker Case, but neither have done so and, consequently, neither have pointed to any prejudice that will result from consolidation. For those reasons, the Court **GRANTS** the Motion to Consolidate filed by Mr. Ramos and Lux. [Filing No. 41.]

**IV.**

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Motion to Consolidate filed by Mr. Ramos and Lux, [41], and **ORDERS** the Clerk to consolidate Cause No. 2:23-cv-00063-JRS-MJD with Cause No. 2:23-cv-00016-JMS-MJD and to close Cause No. 2:23-cv-00063-JRS-MJD. No final judgment will issue in Cause No. 2:23-cv-00063-JRS-MJD. The Court **DIRECTS** the Clerk to docket the Complaint from Cause No. 2:23-cv-00063-JRS-MJD as a separate filing in Cause No. 2:23-cv-00016-JMS-MJD and to docket this Order in Cause No. 2:23-cv-00063-JRS-MJD and distribute it to all counsel of record in that case.

All future filings should reflect the following case caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TRANSGUARD INSURANCE COMPANY OF AMERICA, INC., *as Subrogee of C.W. Baker Logistics, Inc., Carey Wayne Baker, Ian Windom, and CRST Specialized Transportation, Inc.,* | ) ) ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | No. 2:23-cv-00016-JMS-MJD |
| LUX HOLDINGS, LLC and EMMANUEL RAMOS, | ) ) ) | |
| *Defendants.* | ) ) ) | |
| _____ | ) ) | |
| DIEDRA BAKER, *Personal Representative of the Estate of Carey Wayne Baker*, and IAN WINDOM, | ) ) ) | |
| *Consol. Plaintiffs,* | ) ) ) | |
| v. | ) ) ) | |
| EMMANUEL RAMOS, LUX HOLDINGS, LLC, TRANSGUARD INSURANCE COMPANY OF AMERICA, INC., and ACE AMERICAN INSURANCE CO., | ) ) ) ) | |

5

                                                    )
                        *Consol. Defendants*.        )

      Now that the two cases have been consolidated, the Court requests that the Magistrate Judge confer with the parties regarding the coordination and potential amendment of prior case management deadlines.  The Court notes that Transguard has different counsel in this case and the Baker Lawsuit, and requests that the Magistrate Judge also address the logistics of this arrangement.

Date: 6/7/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**